UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| THOMAS RIOS, | Case No.: 2:24-cv-01175-APG-BNW |
| Plaintiff | **Screening Order for Third Amended Complaint** |
| v. | ECF No. 21 |
| AMICAR, et al., | |
| Defendants | |

Thomas Rios, who is currently incarcerated in the custody of the Nevada Department of Corrections (NDOC), initiated this case with a civil rights complaint under 42 U.S.C. § 1983 and an application to proceed in forma pauperis. ECF Nos. 1-1, 5. I will temporarily defer the matter of the filing fee. In addition to his initial complaint, Rios filed multiple amended complaints and motions to add additional claims or defendants. ECF Nos. 8, 12, 16. The court gave Rios leave to file a single, complete, third amended complaint. ECF No. 18.

In response, Rios filed two documents labeled third amended complaint. ECF Nos. 19, 21. Rios also filed a motion requesting leave to exceed the page limit together with the latter third amended complaint. ECF No. 20. I accept the latter third amended complaint filed at ECF No. 21 (TAC) as the operative complaint. In addition to Rios's complaints, he has filed two motions for appointment of counsel and two motions requesting that he be released from prison. ECF Nos. 13, 14, 15, 17.

**I.    SCREENING STANDARD**

Federal courts must conduct a preliminary screening in any case in which an incarcerated person seeks redress from a governmental entity or officer or employee of a governmental entity.

1  *See* 28 U.S.C. § 1915A(a).  The court must identify any cognizable claims and dismiss any
2  claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or
3  seek monetary relief from a defendant who is immune from such relief. *See id.* § 1915A(b)(1),
4  (2).  *Pro se* pleadings, however, must be liberally construed. *Balistreri v. Pacifica Police Dep't*,
5  901 F.2d 696, 699 (9th Cir. 1990).  To state a claim under 42 U.S.C. § 1983, a plaintiff must
6  allege two essential elements: (1) the violation of a right secured by the Constitution or laws of
7  the United States, and (2) that the alleged violation was committed by a person acting under
8  color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

9        In addition to the screening requirements under § 1915A, the Prison Litigation Reform
10 Act requires a federal court to dismiss an incarcerated person's claim if "the allegation of
11 poverty is untrue" or if the action "is frivolous or malicious, fails to state a claim on which relief
12 may be granted, or seeks monetary relief against a defendant who is immune from such relief."
13 28 U.S.C. § 1915(e)(2).  Dismissal of a complaint for failure to state a claim upon which relief
14 can be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the court applies
15 the same standard under § 1915 when reviewing the adequacy of a complaint or an amended
16 complaint.  When a court dismisses a complaint under § 1915(e), the plaintiff should be given
17 leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from
18 the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v.*
19 *United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

20       Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v.*
21 *Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000).  Dismissal for failure to state a claim is
22 proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that
23 would entitle them to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999).  In making

this determination, the court takes as true all allegations of material fact stated in the complaint, and the court construes them in the light most favorable to the plaintiff. *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996). Allegations of a *pro se* complainant are held to less stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980). While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a claim is insufficient. *Id*.

A reviewing court should "begin by identifying pleadings [allegations] that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id*. "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id*. "Determining whether a complaint states a plausible claim for relief . . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*.

Finally, all or part of a complaint filed by an incarcerated person may therefore be dismissed *sua sponte* if the claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (e.g., claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (e.g., fantastic or delusional scenarios). *See Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

/ / / /

## II.  SCREENING OF TAC

Rios sues multiple defendants for events that took place during his incarceration at High Desert State Prison (HDSP). ECF No. 1-1 at 1.  He sues defendants Amicar, Silber, Bart, Williams Kuloloia, Flores, Oblock, Rude, Garcia, Sydiagco.  He brings seven counts and seeks monetary relief, as well as immediate release from prison.

I dismiss the TAC in its entirety, without prejudice, and with leave to amend, because Rios has improperly joined claims.  A basic lawsuit is a single claim against a single defendant.  Rule 18(a) allows a plaintiff to add multiple claims to the lawsuit when they are against the same defendant.  Rule 20(a)(2) allows a plaintiff to join multiple defendants to a lawsuit where the right to relief arises out of the same "transaction, occurrence, or series of transactions" and "any question of law or fact common to all defendants will arise in the action."  **However, unrelated claims that involve different defendants must be brought in separate lawsuits**. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (holding that "[a] buckshot complaint that would be rejected if filed by a free person—say, a suit complaining that A defrauded the plaintiff, B defamed him, C punched him, D failed to pay a debt, and E infringed his copyright, all in different transactions—should be rejected if filed by a prisoner").  These rules are not only intended to avoid confusion that arises out of bloated lawsuits, but also to ensure that inmates pay the required filing fees for their lawsuits and prevent inmates from circumventing the three strikes rule under the Prison Litigation Reform Act.  28 U.S.C. § 1915(g).

In Counts I and II, Rios alleges that in 2021 Amicar, Bart, Sibler and Caseworker K. placed Rios in protective custody over his objection that he was not safe in protective custody.  Rios was ultimately attacked two years later.  The claims in Counts I and II appear to be related,

or possibly even the same claim.  Rios does not clearly state what claims he is bringing based on which allegations.

In Count III, Rios brings a claim against Rude and Oblock regarding the power being turned off in his cell.  In Count IV, Rios brings a claim against Flores for denying him medical treatment after an officer injured his arm.  In Count V, Rios brings a claim against Sydiango for stealing his property.  In Count VI, Rios brings a claim against Garcia and Rude for shooting him with pepper balls and not letting him out of his cell to shower afterward.  In Count VII, Rios brings a claim against two John Doe defendants for using excessive force to remove him from his cell after he had injured himself to protest his power being turned off.  Most of these claims involve different defendants and do not arise from the same occurrence.  As such, these claims are not properly joined in a single case.

I give Rios leave to file a fourth amended complaint.  I advise Rios that each claim that is raised in his fourth amended complaint must be permitted by either Rule 18 or Rule 20.  Rios may state a single claim against a single defendant. Rios may then add any additional claims to his action that are against the same defendant under Rule 18.  Rios may also add any additional claims against other defendants **if those claims arise from the same transaction, occurrence, or series of transactions as his original claim**. Fed. R. Civ. P. 20(a)(2).  Any attempt to join claims that are not permitted by the Federal Rules of Civil Procedure will result in those claims being dismissed as improperly joined.

I advise Rios that claims may not be joined merely because they occurred in the same prison, the violators had the same supervisor, or the claims are based on the same type of constitutional violation.  Rios may not evade these requirements merely by alleging that he told the same person about them or by making conclusory allegations that all the defendants are

engaging in a conspiracy or campaign of harassment. Rios also may not evade these requirements by including multiple causes of action in a part of the complaint form reserved for one claim.

If Rios files an amended complaint with improperly joined claims, I will screen the first claim that Rios brings and dismiss any improperly joined claims without prejudice.

## III.     LEAVE TO AMEND

Rios is granted leave to file a fourth amended complaint to cure the deficiencies of the TAC. If Rios chooses to file a fourth amended complaint, he is advised that a fourth amended complaint supersedes (replaces) the original complaint, and any previously filed amended complaints. Thus, the fourth amended complaint must be complete in itself. *See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) (holding that "[t]he fact that a party was named in the original complaint is irrelevant; an amended pleading supersedes the original"); *see also Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (holding that for claims dismissed with prejudice, a plaintiff is not required to reallege such claims in a subsequent amended complaint to preserve them for appeal). Rios's fourth amended complaint must contain all claims, defendants, and factual allegations that Rios wishes to pursue in this lawsuit. Moreover, Rios should file the fourth amended complaint on this court's approved prisoner civil rights form, and it must be entitled "Fourth Amended Complaint."

If Rios chooses to file a fourth amended complaint curing the deficiencies as outlined in this order, he will file the fourth amended complaint by **March 3, 2025**. If Rios does not file a fourth amended complaint curing the deficiencies by that date, this action will be subject to dismissal.

## IV.   RIOS'S MOTIONS

### A.   Motions for Appointment of Counsel

Rios has filed two motions for appointment of counsel. ECF Nos. 13, 14.  A litigant does not have a constitutional right to appointed counsel in 42 U.S.C. § 1983 civil rights cases. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981).  "The court may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1).  But the court will appoint counsel for indigent civil litigants only in "exceptional circumstances." *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (§ 1983 action).  "When determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Id*.  "Neither of these considerations is dispositive and instead must be viewed together." *Id*.

I have dismissed the TAC.  As such, it is not clear what claims Rios will bring in any amended complaint or how complex those claims will be.  Furthermore, although Rios brought improperly joined claims in the TAC, he has not demonstrated that he does not have the ability to articulate his claims *pro se*.  Therefore, I deny the motions for appointment of counsel without prejudice.

### B.   Motions for Release

Rios has filed two motions requesting that the court order his release from prison. ECF Nos. 15, 17.  Rios alleges that he is not receiving proper medical care, that he is in danger of being attacked by both inmates and guards, and that NDOC officials refuse to transfer him to an out of state prison where he could be safe. *Id.*  This is an action under § 1983.  Prisoner can bring claims under § 1983 to challenge conditions in a prison.  However, a prisoner in state custody

cannot use a § 1983 action to challenge "the fact or duration of his confinement," but instead must seek federal habeas corpus relief or the appropriate state relief. *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005); *see Nettles v. Grounds*, 830 F.3d 922, 927(9th Cir. 2016) (reiterating that the Supreme Court has "long held that habeas is the exclusive vehicle for claims brought by state prisoners that fall within the core of habeas, and such claims may not be brought in a § 1983 action"). Because this is a § 1983 action, the court does not have authority to order Rios's release from prison. To the extent that Rios seeks to challenge his ongoing confinement, he must seek relief through a habeas corpus petition. Therefore, I deny Rios's motions to be released with prejudice.

### C. Motion to Exceed Page Limit

Rios filed a motion requesting leave to exceed the page limit for the TAC. ECF No. 20. I grant the motion and accept the TAC as the operative complaint. However, I note that Rios only needed excess pages because he included improperly joined claims and attached 24 pages of exhibits to the TAC. Courts do not consider exhibits when screening a complaint, and there is no need for Rios to file any exhibits at this time. If Rios chooses to file a fourth amended complaint, he does not need to file any exhibits with the complaint.

## V. CONCLUSION

I THEREFORE ORDER that a decision on the application to proceed in forma pauperis (ECF No. 5) is deferred.

I FURTHER ORDER that Rios's motion to exceed the page limit for the third amended complaint (ECF No. 20) is GRANTED, and I accept the third amended complaint (ECF No. 21) as the operative complaint in this case. The Clerk of the Court will send Rios a courtesy copy of the third amended complaint.

I FURTHER ORDER that the third amended complaint is dismissed in its entirety, without prejudice, and with leave to amend.

I FURTHER ORDER that Rios's motions for appointment of counsel (ECF Nos. 13, 14) are DENIED without prejudice.

I FURTHER ORDER that Rios's motions to be released from prison (ECF Nos. 15, 17) are DENIED with prejudice.

I FURTHER ORDER that, if Rios chooses to file a fourth amended complaint curing the deficiencies of the third amended complaint as outlined in this order, Rios will file the fourth amended complaint by **March 3, 2025**.

I FURTHER ORDER the Clerk of the Court to send to Rios the approved form for filing a § 1983 complaint and instructions for the same. If Rios chooses to file a Fourth amended complaint, he should use the approved form and he will write the words "Fourth Amended" above the words "Civil Rights Complaint" in the caption.

I FURTHER ORDER that, if Rios does not to file a Fourth amended complaint curing the stated deficiencies of the complaint by **March 3, 2025**, this action will be subject to dismissal.

Dated: January 30, 2025

_____
Chief United States District Judge